UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ARDEN JEWELRY MFG. CO.,
Plaintiff,

v.

COLDWATER CREEK INC.,
Defendant.

[redacted] 05 497 S

C.A. No. 2005-

JURY TRIAL CLAIMED

COMPLAINT

PARTIES

1. Plaintiff, ARDEN JEWELRY MFG. CO. ("ARDEN"), is a Rhode Island corporation with its principal place of business in Johnston, Rhode Island.

2. Defendant, COLDWATER CREEK INC. ("Coldwater Creek"), is a Delaware corporation with its principal place of business in Sandpoint, Idaho. Coldwater Creek sells women's apparel, jewelry, gift items, home accessories and furniture through mail-order catalogs, an Internet web site, and retail stores. Coldwater Creek has sufficient contacts with this forum to subject it to this court's *in personam* jurisdiction.

JURISDICTION

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that this matter arises under federal law. In particular, this is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* and for violations of Section 43 (a) of the Lanham Act, 15 U.S.C. §1125 (a). This court also has supplemental jurisdiction over the related state law claims, pursuant to 28 U.S.C. § 1367.

FACTS

4. Plaintiff designs, manufactures, and sells original styles of jewelry. One of plaintiff's original jewelry designs is its Kitty Trio Pin design, Arden style number 6866-P ("Arden's Kitty Trio Pin").

5. Without plaintiff's permission and in violation of plaintiff's rights, defendant is making, importing, selling and offering for sale in

Rhode Island and elsewhere a style of pin that imitates, copies, and infringes upon Arden's Kitty Trio Pin design. Defendant's infringing pin, SKU number 018077690, is entitled "Trio Kitty Pin". A picture showing Arden's original Kitty Trio Pin with the unauthorized copy is annexed hereto as Exhibit "A".

6. Arden's Kitty Trio Pin design is registered with the U.S. Copyright Office. Annexed hereto as Exhibit "B" is U.S. Copyright Certificate of Registration No. VA 1-101-248.

7. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered damages.

8. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

9. Defendant's acts of infringement have been and continue to be willful.

<u>COUNT I</u>
(Copyright Infringement--
Arden's "Kitty Trio" Pin, Style 6866P--
U.S. Copyright Registration No. VAU 1-101-248)

10. Paragraphs 1 through 9 are incorporated herein.

11. Defendant has infringed upon and is continuing to infringe upon Arden's Kitty Trio Pin design, Arden style number 6866-P, U.S. Copyright Certificate of Registration No. VA 1-101-248.

12. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered money damages.

13. As a direct and proximate result of defendant's acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

14. Defendant's acts of infringement have been and continue to be willful.

WHEREFORE, plaintiff prays for judgment in its favor and against defendant:

- for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted design;
- for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling its infringing goods;
- for a preliminary and a permanent injunction ordering defendant to recall and remove from places of sale the infringing goods;
- for an order impounding the infringing goods;
- for preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing goods;
- for an accounting for all profits earned by defendant on the sale of the infringing goods;
- for an award of actual damages plus the defendant's profits;
- for an award of statutory damages against the defendant;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

<u>COUNT II</u>
(Violation of Section 43 (a) of the Lanham Act)

15. Paragraphs 1 through 14 are incorporated herein.

16. Defendant's infringement upon plaintiff's registered jewelry design constitutes a false designation of origin and a false description of the goods effecting interstate commerce in violation of Section 43 (a) of the Lanham Act, 15 U.S.C. §1125 (a).

WHEREFORE, plaintiff prays for judgment in its favor and against defendant:

- for all remedies available under Section 43(a) of the Lanham Act;
- for a preliminary and a permanent injunction prohibiting defendant from infringing plaintiff's copyrighted design;
- for a preliminary and a permanent injunction prohibiting defendant from making, offering for sale, or selling its infringing goods;

- for a preliminary and a permanent injunction ordering defendant to recall and remove from places of sale the infringing goods;
- for an order impounding the infringing goods;
- for preliminary and a permanent injunction ordering defendant to deliver upon oath the infringing goods;
- for an accounting for all profits earned by defendant on the sale of the infringing goods;
- for an award of actual damages plus the defendant's profits;
- for an award of statutory damages against the defendant;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

COUNT III
(Misappropriation)

17. Paragraphs 1 through 16 are incorporated herein.

18. Plaintiff has invested substantial time, effort, and money in the jewelry design described herein.

19. Defendant has appropriated the fruits of plaintiff's investment at no cost.

20. As a direct and proximate result of defendant's misappropriation, plaintiff has been injured.

WHEREFORE, plaintiff prays for judgment in its favor and against the defendant:

- for an award of compensatory damages;
- for an award of punitive damages ;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

COUNT V
(Dilution)

21. Paragraphs 1 through 20 are incorporated herein.

22. Defendant's infringement upon plaintiff's jewelry design, as described herein, causes a likelihood of injury to plaintiff's business reputation and a likelihood of dilution of the distinctive quality of plaintiff's jewelry designs, in violation of plaintiff's common law rights and in violation of R.I.G.L. § 6-2-12.

WHEREFORE, plaintiff prays for judgment in its favor and against the defendant:

- for all remedies available under R.I.G.L. § 6-2-12.
- for an award of compensatory damages;
- for an award of punitive damages;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

Plaintiff,
ARDEN JEWELRY MFG. CO.,
By Its Attorney,

Michael H. Feldhuhn (#3344)
56 Pine Street
Suite 200
Providence, Rhode Island 02903
Tel. (401) 331-6600
FAX (401) 274-2780

DATED: November 30, 2005

Plaintiff claims a trial by jury on all issues so triable.